MARTIN GORDON *v.* HIS CREDITORS.

The appellant, a partner of the insolvent in a saw mill, was to manage the business, taking charge of the receipts and disbursements, and to be entitled to a certain portion of the profits after all expenses were deducted. The insolvent was to furnish the land, buildings, laborers, and necessary capital for the purchase of materials. The appellant claims, under art. 2157, § 1, 3, of the Civil Code, to be subrogated to the rights of certain mechanics and laborers employed on the mill whose claims had been paid by him. *Held*, that there was no subrogation; that the debts were paid by the appellant in the course of his administration of the part-nership business; and that, as to the insolvent, any advances made by the appellant could give him only the privilege of a partner on the partnership property, entitling him to be paid out of its proceeds in preference to any individual creditor of the insolvent.

APPEAL from the Commercial Court of New Orleans, *Watts, J.*

*F. B. Conrad,* for the appellant.

*T. Slidell,* for the syndic.

MARTIN, J.  Harper claims a privilege on the proceeds of a piece of property surrendered, on which the Merchant's Bank had a mortgage, under the following circumstances:  In January, 1839, he became interested with the insolvent in a saw-mill, erected by the latter on the premises, under an agreement that the insolvent should furnish the land, buildings, slaves, and capital for the purchase of materials, and that he, the claimant, all expenses being deducted, should receive one-third of the profits for his ser-vices as manager, and for any services occasionally rendered by Merrick, his partner, as engineer.   He was to have the charge of the receipts which were to pass through his hands, and their dis-bursement.

The agreement was broken up by the cession of the insolvent, in February, 1840.

The privilege was claimed on the ground, that Harper is sub-rogated to that of the engineers, watchmen, carpenters, wheel-wrights, and others, on the mortgaged premises, which would have prevailed over that of the Bank, the subrogation to which is said to result from the payment he has made of their claims, he being a creditor of the insolvent, and having paid claims of other credi-tors which were superior to his own by reason of their privileges

or mortgages ; and, also, because being bound with and for the insolvent for the payment of those claims, he had an interest in discharging them. Civil Code, art. 2157 ; § 1, 3. His pretensions were disregarded, and he has appealed.

It appears to us that the Judge, *a quo*, has correctly considered that Harper did not enter into any obligation to pay these claims out of his own money, but rather out of the avails of the mill, or the partnership funds, at first ; though he was certainly personally liable to the claimants, after the partnership funds proved insufficient ; that, as between Harper and Gordon, the former was only bound to pay the claims out of the receipts of the mill ; that being the manager of it, and participating in its profits, he became bound to those whom he employed ; but that, as to Gordon, his advances would give him only the right or privilege which his relation as a partner gave him on the partnership property, before any individual creditor could touch any part of the common stock ; and that, he cannot be permitted to select particular payments made by him, and claim a subrogation thereon ; that they were paid by him in the course of his administration, and must be settled in the partnership account, with the privilege before stated.

*Judgment affirmed.*